IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN DOUGLAS JOHNSON, | § | |
| #57713-177 | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:20-cv-03267-N (BT) |
| v. | § | No. 3:18-cr-00460-N-2 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Darren Douglas Johnson, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss Johnson's § 2255 motion.

I.

Johnson pleaded guilty to possession with intent to distribute a controlled substance and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. On February 3, 2020, the District Court sentenced him to 140 months' imprisonment.

Johnson appealed. On appeal, his appointed appellate attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and

*United States v. Flores,* 632 F.3d 229 (5th Cir. 2011). The Fifth Circuit Court of Appeals concurred with Johnson's attorney's assessment that the appeal presented no nonfrivolous issues for appellate review. On October 1, 2020, the Fifth Circuit dismissed Johnson's appeal. *See United States v. Johnson,* 823 F. App'x 298 (5th Cir. 2020) (per curiam).

Johnson then filed this § 2255 motion (CV ECF No. 2) and a memorandum in support (CV ECF No. 3).[1] In three general grounds for relief, he argues:

(1) His retained trial attorney provided ineffective assistance of counsel when he failed to:

    a. properly advise him during the guilty plea process;

    b. remove the appellate-rights waiver from the plea agreement; and

    c. make several objections at sentencing.

(2) His appointed appellate attorney provided ineffective assistance of counsel when he filed an *Anders* brief.

(3) The Court violated his Due Process rights at sentencing when it:

    a. failed to conduct an evidentiary hearing;

    b. miscalculated his guidelines range by applying a two-point gun enhancement; and

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to this civil action, case number 3:20-cv-03267-N-BT, and "CR ECF" refers to the underlying criminal action, case number 3:18-cr-00460-N-2.

    c. failed to state reasons under 18 U.S.C. § 3553(a) for the
       sentence imposed.

The Government responds that Johnson's pre-plea ineffective assistance of counsel claims are meritless, and he cannot show his trial attorney provided ineffective assistance of counsel at sentencing for failing to raise frivolous objections. The Government further argues that Johnson's allegations against his appellate attorney are conclusory and do not support his ineffective assistance of counsel claim. Finally, the Government argues that Johnson's remaining claims are barred by his collateral review waiver, procedurally barred, and meritless. Johnson filed a reply, which included a request for an evidentiary hearing. Accordingly, his claims are fully-briefed and ripe for determination.

II.

A. <u>Johnson's ineffective assistance of trial counsel claims fail under</u>
<u>*Strickland.*</u>

Johnson alleges that his retained trial attorney was ineffective "[d]uring the critical stages of the proceedings," and he raises three specific categories of ineffective assistance of counsel. Mot. 4 (CV ECF No. 2); *see also* Mem. 8-11 (CV ECF No. 3).

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In

3

*Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

1. Pre-plea claims

Johnson argues that his trial attorney provided ineffective assistance of counsel prior to the entry of his guilty plea. Mot. 4 (CV ECF No. 2); Mem. 8-11 (CV ECF No. 3). Specifically, Johnson contends that his plea was not knowing and voluntary because that his attorney failed to warn him that his guideline range could be increased based on drug transactions not explicitly set forth in the plea agreement or Factual Resume. Mem. 10 (CV ECF No. 3). Johnson further contends that his attorney "misadvised" him regarding his right to appeal and erred by "leaving an appeal waiver in the plea agreement." *Id.* at 9. These claims are belied by Johnson's sworn statements at his rearraignment. *See* (CR ECF No. 568). In addition, Johnson has failed to allege, much less demonstrate, that he suffered prejudice.

The record shows that Johnson's guilty plea was both knowing and voluntary. For a guilty plea to be valid, it must be both knowing and voluntary. *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986); *see also United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) ("A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily,

and intelligently.") (quotation marks and citation omitted); *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019) ("Because a guilty plea involves the waiver of constitutional rights, it must be knowing, voluntary, and intelligent.") (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A knowing and voluntary guilty plea means that "a defendant must have full knowledge of what the plea connoted and of its consequences." *Lord*, 915 F.3d at 1016 (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). A plea is knowingly made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998). A plea is voluntary if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Lord*, 915 F.3d at 1016. The consequences of sentencing, as they relate to a guilty plea, mean that the defendant must be aware of the maximum prison term and fine for the offense he is charged. *United States v. Herrod*, 595 F. App'x 402, 412 (5th Cir. 2015) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)); *see also United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017) ("If the defendant is aware of the potential maximum prison term and fine for the offense charged, but nevertheless pleads guilty, his plea is knowingly and

intelligently entered."); *United States v. Rosales*, 281 F. App'x 424, 425 (5th Cir. 2008) (per curiam) ("[B]ecause [the defendant] was aware of his minimum and maximum potential sentences and understood the elements of the offense as charged, he also has not established that his guilty plea was not knowing or voluntary.") (citing *United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003)).

Johnson's rearraignment hearing was held on July 23, 2019. *See* (CR ECF No. 568). At that time, the Court advised Johnson of his rights, including his right to plead guilty to the offense charged, or proceed to trial. *Id.* at 4-5. The Court advised Johnson about sentencing in the federal system, and he admitted under oath that he had discussed the sentencing guidelines with his attorney. *Id.* at 6-8. The Court informed Johnson that the sentencing guidelines are advisory. *Id.* at 8. Johnson advised the Court that he had received a copy of the indictment; he had read it; and he understood what it said. *Id.* at 12-13. Johnson admitted that he had a copy of the Factual Resume in front of him. *Id.* at 14. The Court reviewed the plea agreement with Johnson in open court, and he admitted that he voluntarily entered into that agreement. *Id.* at 14-17. The Court advised Johnson of the minimum and maximum penalties he faced. *Id.* at 18. Finally, after being provided with this advice and information from the Court, Johnson pleaded guilty to count three of the indictment. *Id.* at 19. The Court ultimately found that Johnson was fully competent and capable of entering an informed plea,

and his plea was supported by an independent factual basis containing each of the elements of count three of the indictment. *Id.* at 21. The Court recommended that the District Court accept Johnson's guilty plea. *Id.*; *see also* (CR ECF No. 338). Considering this record, John's guilty plea was knowingly and voluntarily entered.

Johnson's pre-plea claims also fail because he has failed to allege the requisite prejudice under *Strickland*. Because Johnson's conviction was the result of a guilty plea, the issue is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (applying the two-pronged *Strickland* standard "to challenges to guilty pleas based on ineffective assistance of counsel"). This means that a movant alleging ineffective assistance of counsel where there was a guilty plea "must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d 202, 206, 210 (5th Cir. 1994) (citing *Hill*, 474 U.S. at 52); *see also Young v. Spinner*, 873 F.3d 282, 285 (5th Cir. 2017). The court's determination turns, at least in part, on "a prediction of what the outcome of a trial might have been." *Armstead*, 37 F.3d at 206. Johnson does not suggest that he wanted to go to trial. Instead, he contends that his attorney's performance prejudiced him at sentencing because his sentence would have been different. Mem. 11 (CV ECF No. 3). Because Johnson fails to allege any

prejudice, he altogether fails to "affirmatively prove prejudice." *See Strickland,* 466 U.S. at 693.

In addition, the record in this case is inconsistent with a finding of perceived prejudice. At Johnson's rearraignment hearing, he was under oath and informed the Court that he was fully satisfied with his attorney's representation and advice in this case. (CR ECF No. 568 at 14.) With respect to the plea agreement, Johnson admitted that before he signed it, he read it in its entirety with his attorney, and they discussed it in detail. *Id.* Johnson also admitted that he understood all the terms of his plea agreement with the Government, as set forth in his plea agreement. *Id.*

"Solemn declarations in open court carry a strong presumption of verity," which create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *see also United States v. Lampazianie,* 251 F.3d 519, 524 (5th Cir. 2001); *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994). In the Fifth Circuit, great weight is afforded "to the defendant's statements at the plea colloquy." *United States v. Cothran,* 302 F.3d 279, 283-84 (5th Cir. 2002). When a § 2255 movant brings a claim that is at odds with his sworn testimony, he must independently corroborate his allegations. *United States v. Gonzalez,* 139 F.3d 899, 1998 WL 127868, at *2 (5th Cir. 1998) (per curiam).

Johnson's sworn statements at his rearraignment hearing are entitled to a strong presumption of verity. Moreover, these statements undercut any

claim that Johnson would not have pleaded guilty and gone to trial if his attorney had not provided ineffective assistance of counsel as set forth in his pre-plea claims. Finally, the record demonstrates that Johnson's decision to plead guilty was likely precipitated by the strength of the Government's evidence against him. If Johnson had gone to trial, the Government would have used intercepted communications against him to demonstrate that he was a significant supplier of cocaine and/or cocaine base to individuals who had their own customer base. PSR ¶¶ 16-18. Law enforcement agents used the GPS tracker in Johnson's phone to reveal his locations, and it would have served to corroborate his whereabouts as they related to the recorded communications. PSR ¶ 21. The Government would have introduced evidence that federal law enforcement agents witnessed Johnson making a cocaine delivery. PSR ¶ 28; *see also* PSR ¶ 45. The Government would also have shown that when a search warrant was executed at Johnson's house, they found evidence of drug trafficking: $124,553 in U.S. currency, which is the equivalent to 4.7 kilograms of cocaine; seven loaded firearms where one was an Anderson Manufacturing AM-15 loaded with two 40-round magazines; 1,102 rounds of 9-millimeter ammunition; several expensive vehicles; three large televisions; and numerous items of jewelry, including a diamond encrusted gold Rolex watch. PSR ¶ 49.

Considering the overwhelming evidence against Johnson, he made a calculated decision to plead guilty to one charge in exchange for a reduction

in the sentencing guidelines and the dismissal of other charges against him. In sum, Johnson cannot show that he suffered prejudice, and his pre-plea ineffective assistance of counsel claims fail. Johnson makes an insufficient showing on the prejudice prong of *Strickland*, so this Court need not address whether his attorney provided deficient performance. *See Armstead*, 37 F.3d at 210 ("A court need not address both components of the [*Strickland*] inquiry if the defendant makes an insufficient showing on one."). Accordingly, Johnson's pre-plea claims should be denied.

2. Sentencing Objections

Next, Johnson argues that his trial attorney provided ineffective assistance of counsel when he failed to make objections at sentencing to the following: (1) the application of a two-point gun enhancement under U.S.S.G. § 2D1.1(b)(1), (2) Johnson's criminal history, (3) the Court's failure to announce its reasoning under § 3553(a), and (4) the Court's failure to conduct an evidentiary hearing. Mem. 4, 10 (CV ECF No. 3). Johnson further argues that without his attorney's errors at sentencing, "the sentencing would had [sic] been different." *Id.* at 10. Johnson contends: he would have been sentenced with the correct criminal history; the Court would have considered the safety-valve after overruling the two-point gun enhancement; and the Court would have been precluded from attributing drugs to him that were possessed by his coconspirators. *Id.*

Johnson argues that his attorney should have objected to the application of a two-point gun enhancement under § 2D1.1(b)(1). Mem. 4 (CV ECF No. 3). However, any objection to the two-point gun enhancement in Johnson's case would have been meritless. Section 2D1.1(b)(1) applies "[i]f a dangerous weapon (including a firearm) was possessed." *United States v. Juluke*, 426 F.3d 323, 328 (5th Cir. 2005); *see also United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). To prove entitlement to the gun enhancement at sentencing, the Government must prove by a preponderance of the evidence that the defendant possessed a dangerous weapon. *Cisneros-Gutierrez*, 517 F.3d at 764. "First, the Government can prove that the defendant personally possessed the weapon by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *Id.* at 764-65. When Johnson's house was searched pursuant to a search warrant, law enforcement found seven loaded firearms and $124,553 in U.S. currency. PSR ¶ 49. Johnson later admitted that the large amount of cash found at his house was proceeds from drug-trafficking activity, and the numerous guns were present to protect those drug proceeds. (CR ECF No. 305 at 4.) Considering that Johnson stipulated to the fact that the loaded guns at his house were used to protect the cash resulting from his drug-trafficking activity, any objection to the application of § 2D1.1(b)(1) would have been meritless. The failure to make a frivolous objection does not cause counsel's

performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir.1998) (citing *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995)).

Johnson also argues that his attorney failed to object when the Court did not state its reasoning under § 3553(a) for imposing a sentence greater than the guideline range. Mem. 8 (CV ECF No. 3). In Johnson's case, no argument was necessary, and there was no basis for an objection. At sentencing, the Court announced that Johnson's guidelines range was 135 to 168 months' imprisonment. (CR ECF No. 569 at 10; *see also* PSR ¶ 124.) The Court then sentenced Johnson to 140 months' imprisonment. (CR ECF No. 569 at 10.) The Court imposed a sentence that fell within the guidelines range, and Johnson mistakenly argues that his sentence was above his guideline range. His attorney did not err by failing to raise a frivolous argument. *See Sones*, 61 F.3d at 415 n.5 (counsel cannot be found deficient for failing to press a frivolous argument); *see also United States v. Gibson*, 55 F.3d 173, 179 (5th Cir.1995) (stating the Sixth Amendment does not require counsel to file meritless motions).

Johnson argues that his attorney should have objected to the Court's failure to conduct an evidentiary hearing at sentencing. Mem. 10 (CV ECF No. 3). Specifically, Johnson contends that the Court failed to conduct a hearing to address the proper drug amount to apply to his guidelines range. *Id.* At Johnson's sentencing, the Court ensured that his attorney and

Johnson had reviewed the Presentence Report (PSR) and Addendum. Thereafter, the Court conducted a hearing at sentencing. Initially, the Court stated, "I'm ready to listen to whatever the Defense would care to present." (CR ECF No. 569 at 2.) His attorney then proceeded to present arguments regarding the drug quantity attributable to Johnson. *Id.* at 5-6. For example, his attorney argued that the drug quantities alleged in the Factual Resume were appropriate and reflected Johnson's involvement. *Id.* at 5. On the other hand, his attorney argued that the drug quantities set forth in the PSR were not accurate. *Id.* His attorney further argued that Johnson's involvement in the conspiracy did not begin until March 2018, not November 2017. *Id.* at 6. His attorney contended that while it was only a few months difference, those few months affected Johnson's criminal history category and penalty range. *Id.* At the conclusion of the hearing, the Court overruled the objection to the drug quantity attributed to Johnson and adopted the PSR. *Id.* at 10. In sum, Johnson received a hearing, and his claim that his attorney should have objected to the Court's failure to conduct a hearing, is belied by the record and meritless.

Finally, Johnson argues that his attorney provided ineffective assistance of counsel when he failed to object to the PSR's calculation of his criminal history. Mem. 10 (CV ECF No. 3). Johnson's argument lacks merit because his attorney filed written objections to the PSR prior to sentencing and orally objected at sentencing to the PSR's determination of Johnson's

criminal history points. (CR ECF No. 505 at 5; PSR Add. 4; CR ECF No. 569 at 6.) These objections were overruled, but his attorney made them. Even though his attorney was ultimately not successful, it does not mean his performance was necessarily deficient. *See Avila v. Quarterman*, 560 F.3d 299, 314 (5th Cir. 2009) ("Simply because counsel's strategy did not successfully convince the jury does not mean counsel's performance was deficient."); *see also Granados v. Quarterman*, 455 F.3d 529, 534 (5th Cir. 2006).

As discussed, Johnson has failed to demonstrate that his attorney provided deficient performance. Johnson has also failed to demonstrate prejudice. "In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh." *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam); *see also Glover v. United States*, 531 U.S. 198, 200 (2001) ("[I]f an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"); *United States v. Seyfert*, 67 F.3d 544, 548-49 (5th Cir. 1995) ("To satisfy the prejudice prong of the *Strickland* test in the context of a non-capital sentencing proceeding, a defendant must establish a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh.") (citing *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994)); *Potts v. United States*, 566 F.Supp.2d 525, 537

(N.D. Tex. 2008). Johnson summarily argues that his attorney's performance impacted his sentence. Mem. 11 (CV ECF No. 3). This conclusory statement is legally insufficient to demonstrate prejudice under *Strickland*. For these reasons, these ineffective assistance of counsel claims should be denied.

B.    Johnson's ineffective assistance of appellate counsel claim fails.

Johnson argues that his appellate counsel provided ineffective assistance of counsel when he filed an *Anders* brief. Mem. 11 (CV ECF No. 3); *see also* Mot. 4 (CV ECF No. 2). This claim is conclusory and fails to demonstrate either deficient performance or prejudice.

A defendant is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985). The proper standard for evaluating a claim that appellate counsel was ineffective is the two-prong standard set forth in *Strickland v. Washington. Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998); *see also Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008) ("In reviewing a claim alleging ineffective assistance of appellate counsel we apply the traditional *Strickland* standard.").

Although *pro se* filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue.") (quoting

*United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . [and] mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived) (citing *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Johnson fails to demonstrate that he was prejudiced by his appellate attorney's filing of an *Anders* brief. He fails to identify any issue on appeal that his appellate attorney should have but failed to raise. Johnson states only that it is "more likely than not his sentence would have been different if not for counsel's deficient error's [sic] including the filing of his appeal under *Anders v. California*, to have the Honorable Court dismiss the appeal without argument." Mem. 11 (CV ECF No. 3). But Johnson has failed to show a reasonable probability that but for his appellate attorney's actions, he would have prevailed on appeal. *See Smith*, 528 U.S. at 285-86. Thus, his claim fails under *Strickland*.

C.    <u>Johnson's remaining grounds are barred by his collateral review waiver</u>.

Johnson has three remaining claims, in which he alleges that the Court made errors at sentencing. First, he argues that the Court denied his right to due process when it failed to conduct an evidentiary hearing. Mot. 5 (CV ECF No. 2); Mem. 11-14 (CV ECF No. 3). Next, Johnson argues that the Court miscalculated his guideline range when it incorrectly applied the two-point gun enhancement and applied an erroneous criminal history score. Mot. 7 (CV ECF No. 2); Mem. 15-18 (CV ECF No. 3). Finally, he argues that the Court committed "Complete Error" when it failed to state its reasons under § 3553(a) for imposing the sentence he received. Mem. 15 (CV ECF No. 3).

On July 23, 2019, Johnson pleaded guilty pursuant to a written plea agreement. (CR ECF Nos. 306, 332, 568.) The plea agreement specifically included the following appellate-rights waiver provision:

> Waiver of right to appeal or otherwise challenge sentence: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(CR ECF No. 306 at 6-7.) Johnson's remaining claims do not specifically fall within any reservation of rights contained in his appellate-rights waiver provision.

Generally, a collateral review waiver provision is enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). However, the Fifth Circuit Court of Appeals has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel or the sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020); *see also United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

There is no indication from the record that Johnson's appellate-rights waiver was not informed and voluntary. In fact, in his plea agreement, Johnson acknowledged his guilty plea was "freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose." (CR ECF No. 306 at 6.) Johnson additionally acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation . . . [he] has received from [his] attorney

explanations satisfactory to [him] concerning each paragraph of this plea agreement, each of [his] rights affected by this agreement, and the alternatives available to him other than entering into this agreement." *Id.* at 7. Johnson then conceded "that [he was] guilty, and after conferring with [his] attorney, [he] has concluded that it is in [his] best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." *Id.*

At his rearraignment, the Court specifically reviewed the appellate-rights waiver provision with Johnson. (CR ECF No. 568 at 15.) Johnson confirmed that he had reviewed the provision with his attorney and he understood his rights to appeal and to otherwise challenge his sentence and conviction. *Id.* He further confirmed that he had agreed to waive those rights. *Id.*

In sum, Johnson's waiver was knowing and voluntary, and his remaining claims are barred by the appellate-rights waiver in his plea agreement. His remaining claims are waived and should be dismissed.

The Government also argues that Johnson's remaining claims are procedurally barred and meritless. Because his remaining claims are waived, the Court should pretermit consideration of these additional arguments.

D.   <u>Johnson is not entitled to an evidentiary hearing</u>.

Last, Johnson argues that he is entitled to an evidentiary hearing. Reply 1, 10 (CV ECF No. 7). With a § 2255 motion, an evidentiary hearing is

required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes*, 132 F.3d at 1110).

As discussed, Johnson's § 2255 claims fail for various reasons. Because the motion, files, and records of the case conclusively demonstrate that Johnson is not entitled to relief, a hearing is not warranted. *See* 28 U.S.C. § 2255(b); *see also Hughes*, 635 F.2d at 451. Therefore, Johnson's request for an evidentiary hearing is denied.

### III.

The District Court should DISMISS Johnson's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed October 20, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.